1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

8  GARNETT WILLIAMS ,

9                    Plaintiff,          CASE NO.  3:20-cv-06219-RSM-BAT

10      v.                               **REPORT AND**
                                         **RECOMMENDATION**
11  RICHARD HUBBART, et al.,

12                   Defendant.

13        Before the Court is Defendants' Fed. R. Civ. P. 12(b) motion to dismiss Plaintiff's *pro se*

14  42 U.S.C § 1983 complaint. Dkt. 18. The motion was noted for March 19, 2020 and is thus ripe

15  for review. On March 22, 2021, plaintiff filed a surreply arguing the prison's policy proves

16  Defendants violated his rights. Dkt. 22. Defendants object to the surreply and ask the Court to

17  strike it. Dkt. 23. The Court has considered all of the pleadings including the surreply and

18  objection and the record and recommends defendants' motion to dismiss be GRANTED and the

19  case be DISMISSED with prejudice. If the Court adopts the recommendation, the Defendants'

20  motion objecting to the surreply should be stricken as moot.

21                        **THE COMPLAINT'S ALLEGATIONS**

22        The complaint alleges plaintiff is a prisoner at the Clallam Bay Corrections Center

23  (CBCC) and the Defendants, Richard Hubbart, Steven Salsgiver, Dana Cross and Kenneth

REPORT AND RECOMMENDATION - 1

McKenney, who are officers at CBCC, violated his constitutional rights. Dkt. 5. Plaintiff alleges that on August 16, 2019, he was "placed in a dry cell watch located in the medical department" that lacks a sink or toilet. *Id.* at 1. On August 19, 2019, while housed in the dry cell, Plaintiff woke at 5:30 am and at 5:40 am told Defendant Cross he had to urinate, but no officer "came to facilitate the use of the restroom." *Id.* at 2. At 6:15 am Plaintiff complained to Defendant Salsgiver, who just came on shift, he had to urinate. At 6:45 am, Plaintiff was still waiting to urinate, and his "private parts" starting hurting, so he urinated on himself, while Salsgiver stood by and watched. *Id.* After urinating on himself, Plaintiff was given napkins to wipe himself, a new pair of overalls, and was placed in another dry cell. *Id.* Plaintiff was not allowed a shower. Plaintiff filed a grievance over this incident. He alleges CBCC apologized and indicated Plaintiff's first request to urinate was passed on to the shift Sgt. but the Sgt. did not respond due to a shift-change. *Id.* Plaintiff's message was then passed to Defendant Hubbart, the new shift Sgt. but he also did not respond due to a "picture count." *Id.* Plaintiff alleges Defendant McKenney, a lieutenant, was made aware of Plaintiff's "situation" and directed Defendant Hubbart to ignore Plaintiff's request and continue with the picture count. *Id.*

In support of the complaint, Plaintiff attached copies of the grievance he filed. These documents show CBCC submitted a response to the grievance indicating bathroom requests for inmates in the dry cell must be presented to the shift Sgt. Plaintiff's first request to urinate was given to the shift Sgt. who was unavailable due to the shift change. The request was thus passed to the on-coming shift Sgt. When Plaintiff made his second request to urinate, CBCC was in the middle of "staff accountability/picture count making the shift Sgt. unavailable to report to medical." When the Shift Lt. learned of Plaintiff's request to urinate, he directed the Shift Sgt. "to complete his accountability in accordance with DOC policy and then facilitate the bathroom

1  break for Plaintiff. The Lt. made this decision not knowing the request was Plaintiff's second

2  request. CBCC apologized to Plaintiff for the "miscommunication" and indicated staff was just

3  following "policy and procedure." Plaintiff appealed the apology on the grounds he wanted

4  "justice." The appeal was denied at level 2 and Plaintiff filed a level 3 appeal. At level 3, CBCC

5  found staff "were interpreting policy incorrectly" and that CBCC discussed with staff "the proper

6  steps that should have occurred."

7        The complaint alleges the Defendants were "deliberately indifferent" to his need to

8  urinate and they inflicted "unnecessary and wanton" pain by forcing him to hold his urine in

9  violation of the Eighth Amendment. *Id.* at 3. As relief, Plaintiff requests he be awarded $40,000

10  in monetary damages.

11  **DISCUSSION**

12        On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint

13  contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on

14  its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550

15  U.S. 544, 570 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of

16  the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555; *Chavez v. United*

17  *States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012).

18        As an initial matter, the Court addresses Plaintiff's contention (Dkt. 20 at 2) that

19  Defendants' motion should be denied because the Court did not dismiss the complaint at the

20  screening stage under 28 U.S.C. §§ 1915(e)(2). The contention is unfounded. *See Gilbert v.*

21  *Sinclair* 2019 WL 3291152 (W.D. Wash. May 22, 2019) (Report and Recommendation adopted

22  in 2019 WL 3287071 and affirmed in *Gilbert v. Sinclair*, 2019 WL 7761802 (9th Cir. Oct. 21,

23  2019) ("[A] defendant's right to bring a motion to dismiss is not foreclosed by the issuance of a

sua sponte screening providing that the prisoner has stated a claim." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (collecting cases); *see Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1111 n.4 (N.D. Cal. 2015")).

The Court thus turns to what a complaint must allege to state a claim for relief under 42 U.S.C. § 1983. In a § 1983 action, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 n.58 (1978). Rather, each defendant must have violated the Constitution through his own, individual actions. *Iqbal*, 556 U.S. at 676. When a plaintiff fails to allege or establish one of these elements, the complaint must be dismissed.

Based on the foregoing standards and viewing the allegations of Plaintiff's complaint in the light most favorable to him, the Court concludes the complaint fails to state a claim upon which relief under § 1983 be granted and should be dismissed with prejudice.

The complaint alleges Defendant's violated Plaintiff's Eighth Amendment rights by failing to give him a bathroom break. There is no dispute Plaintiff asked to use the bathroom to urinate for a little more than an hour and that despite his requests he was not given a bathroom break and urinated on himself. It is settled that subjecting "a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314–15 (9th Cir. 1995) (citing cases).

1    However, Courts have found that in order to state an Eighth Amendment claim, a

2    prisoner must show much more than being denied the the use of a toilet for a little more than an

3    hour.

4    The Eighth Amendment imposes duties on prison officials to provide prisoners with the

5    basic necessities of life, including sanitation which is at issue here. A plaintiff alleging that he or

6    she was denied a basic necessity in violation of the Eighth Amendment must satisfy a two-prong

7    test. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, the plaintiff must satisfy an objective test

8    showing that "he is incarcerated under conditions posing a substantial risk of serious harm." *See*

9    *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In determining whether a deprivation of a basic

10   necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment

11   claim, courts consider the circumstances, nature, and duration of the deprivation. *See Johnson v.*

12   *Lewis*, 217 at 731. Second, the plaintiff must prove that the prison official inflicted the

13   deprivation with a "sufficiently culpable state of mind," that is, with "deliberate indifference" to

14   his health or safety. *Farmer*, 511 U.S. at 834.

15   Here, Plaintiff fails meet the first prong necessary to establish a violation of the Eighth

16   Amendment. A temporary deprivation of access to a toilet or to water, absent resulting harm,

17   does not amount to a sufficiently serious deprivation under the Eighth Amendment. *Preayer v.*

18   *Ryan*, 2016 WL 5341177 at * 9 (D. Ariz. Sept 23, 2016) *citing Johnson v. Lewis*, 217 F.3d 726,

19   733 ((9th Cir. 2000) ("toilets can be unavailable for some period of time without violating the

20   Eighth Amendment"); *see also Minifield v. Butikofer*, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004)

21   (a five hour deprivation of water did not rise to the level of an Eighth Amendment violation). In

22   *Anderson v. Cnty. of Kern*, the Ninth Circuit recognized that confining an inmate for five days in

23   a strip cell with only a pit toilet and without a sink or other washing facilities satisfied the

objective component of the Eighth Amendment. 45 F.3d at 1314–15 (citing *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

In *Wallace v. Davis*, 2019 WL 652889 (N.D. Cal. Feb. 15, 2019), Wallace alleged his Eighth Amendment rights were violated when correctional officers made him lie or sit on the cold concrete ground for several hours, did not allow him to use the bathroom once he was handcuffed, and denied him clean clothes after he defecated and urinated on himself. *Id.* at 3-5. The Court in *Wallace* noted that various courts have considered whether and when a lack of toilet access rises to the level of posing a substantial risk of serious harm to inmates. For instance, the Ninth Circuit in *Johnson* recognized "toilets can be unavailable for some period of time without violating the Eighth Amendment." *Johnson*, 217 F.3d at 733. In *Wilkins v. Ahern*, No. 08–1084, 2008 WL 4542413, at *6 (N.D. Cal. Oct. 6, 2008), the court found denying a prisoner access to toilets and water for five and a half hours and four and a half hours on two separate occasions did not rise to the level of a sufficiently serious deprivation to violate the Eighth Amendment..

Another court held "that a temporary deprivation of access to toilets, in the absence of physical harm or a serious risk of contamination, does not rise to the level of an Eighth Amendment violation." *Kanvick v. Nevada*, No. 08-00397, 2010 WL 2162324, at *5-6 (D. Nev. Apr. 27, 2010) (deprivation of access to toilets for up to two hours during inmate counts on six occasions did "not amount to anything more than an inconvenience"). Also, in *Murillo v. MacDonald*, No. 12-1220, 2012 WL 12903824, at *3 (D. Ariz. July 27, 2012), aff'd, 536 Fed. Appx. 753 (9th Cir. 2013) the Court found having to wait for access to a toilet on a daily basis for an hour or an hour and a half does not rise to the level of an Eighth Amendment violation. *See also Stevenson v. Adams*, No. 11-00720, 2012 WL 967650, at *5 (E.D. Cal. Mar. 21, 2012)

1  (allegation that inmate had to stay in a cold, dirty, and bug-infested holding cell overnight in

2  underwear and without access to toilet did not amount to a sufficiently serious deprivation to

3  satisfy objective prong of Eighth Amendment claim).

4        The complaint here does not allege a deprivation of the use of a toilet that violates the

5  Eighth Amendment. It is undisputed Plaintiff was not access to a toilet for a little more than one

6  hour, until he urinated on himself. The parties' arguments about the prison's policies do not

7  change this fact. Assuming without deciding that Defendants should have but failed to provide

8  Plaintiff a bathroom break whether intentionally or based upon the facilities' policy or practice,

9  that failure does not establish a constitutional violation. This is because the failure to provide the

10  bathroom break for just over an hour is not a failure that establishes a violation of the Eighth

11  Amendment. In addition, the complaint alleges it was painful for Plaintiff to hold his urine but

12  there is nothing showing Plaintiff was physically harmed by urinating on himself. Thus, although

13  Plaintiff experienced discomfort, the temporary lack of access to a toilet did not place him at a

14  substantial risk of serious harm, and he did not actually suffer physical injury. The Court

15  accordingly concludes that being denied a toilet for a little more than one hour does not satisfy

16  the first prong of an Eighth Amendment claim: that the prison or jail condition complained of

17  (denial of a toilet for a little more than an hour) posed a substantial risk of serious harm. The

18  Court therefore recommends Defendants' motion to dismiss be granted and the case be dismissed

19  with prejudice. The Court further recommends Defendants' motion to strike or withdraw

20  Plaintiff's surreply be stricken as moot if the recommended dismissal is adopted.

21                      **OBJECTIONS AND APPEAL**

22        This Report and Recommendation is not an appealable order. Therefore, a notice of

23  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **April 5, 2021.** The Clerk should note the matter for **April 9, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 22nd day of March 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8